UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS ROMAN-HERRERA; JOSE MALDONADO-GARCIA; ROBERT SERRANO-VELEZ; JESUS ROSARIO-MORALES, and JOSE MORA-FELICIANO,<br><br>Plaintiffs,<br><br>v.<br><br>ANGEL ROMAN-VELEZ, MAYOR OF THE MUNICIPALITY OF ARECIBO, in his personal and official capacity, et al.,<br><br>Defendants, | Civil No. 97-2217 (JAF) |

## OPINION AND ORDER

Plaintiffs, Municipal Policemen for Arecibo, Puerto Rico, move for reconsideration of our August 13, 1999 Opinion and Order, which granted the Municipality of Arecibo's motion for judgment on the pleadings. See Docket Document No. 26. In that Opinion and Order, we determined that Plaintiffs had failed to allege sufficient facts to state a claim for political discrimination against the Municipality of Arecibo.

Plaintiffs' main contention now is that we failed to recognize that Mayor Angel Román-Vélez ("Román") was making a municipal policy decision in refusing to renew their contracts. Plaintiffs contend that Mayor Román, acting as the official policymaker of the



AO 72
(Rev 8/82)

Civil No. 97-2217 (JAF)                                                    2-

Municipality of Arecibo, politically discriminated against them by not renewing their employment contract and by not appointing them as career employees.

## I.

## Municipal Liability under Section 1983

The definition of "person" in 42 U.S.C. § 1983[1] encompasses municipalities, see Monell v. Department of Soc. Servs, 436 U.S. 658, 690 (1978), albeit with a substantial limitation: Municipal governments may be sued only for their own unconstitutional or illegal policies. See Id. In other words, municipalities cannot be sued for the acts of their individual employees. See Id. at 691 ("In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor."). Rather, municipal

---

[1]Title 42, United States Code, section 1983, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of and State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District Columbia.

42 U.S.C. § 1983.

Civil No. 97-2217 (JAF)                                                              3-

governments may only be held liable in situations where execution of its official custom or policy inflicts an actionable injury under section 1983. See Id. at 714 (Rehnquist, J., dissenting). The policy or custom at issue may either be enacted by the legislature, or it may be carried out by one whose actions can fairly be considered to represent official policy. See Id.

Actions by individuals may constitute official policy under section 1983 where "—and only where— a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986). The existence of such authority is a question of state law. See Jett v. Dallas Ind. Sch. Dist., 491 U.S. 701 (1989). In making such a determination, courts may consider state and local law, and "custom or usage having the force of law." Id. at 735.

The First Circuit has addressed this issue in Bordanaro v. McCleod, 871 F.2d 1151 (1st Cir. 1989), in which it held that acts of a mayor and police chief which encouraged police to conduct abusive searches constituted municipal policy. In so finding, the Circuit emphasized the finality of the decisions of the officials and the repeated pattern of violations.

Civil No. 97-2217 (JAF) 4-

## II.

### Analysis

The essential issue we must determine is whether Mayor Román's actions, in not renewing Plaintiffs' contracts or extending them permanent job positions, was exercising official municipal policy. In other words, did Mayor Román have final authority over these decisions?

We find that he did. Mayor Román, along with the President of the Assembly of Arecibo, constitutes the nominating authority for the Municipality. See 21 L.P.R.A. § 4558. Hence, they are the final authorities in municipal employment nominating decisions. Additionally, a mayor is normally the official with final decision-making powers in a municipality.

On the legislative side, the Municipality of Arecibo has adopted an ordinance governing the appointment of Municipal Policemen to career positions. See Municipality of Arecibo, Puerto Rico, Ordinance 22 § 1 (September 18, 1996). Ordinance 22 authorizes the municipal administration to grant permanent employment positions to any and all municipal policemen whose training by the police academy and whose probationary period of two years have been approved pursuant to local laws and regulations. See id. By authorizing the municipal administration to make determinations as to permanent employment,

Civil No. 97-2217 (JAF)                                                    5-

Ordinance 22 grants that power to the official with decision-making power in the municipality, the mayor.

Thus, the interaction of Mayor Román's official authority that is inherent in his position, coupled with the authority granted to him pursuant to Ordinance 22, make his actions regarding career positions of Municipal Policemen municipal policy. In this case, the Mayor's decision not to renew Plaintiffs' contracts and refusal to offer them permanent positions is an exercise of the specific powers of his office. Thus, if the Mayor executed this duty in a discriminatory manner, the Municipality is also liable for his official action.

### III.

### Conclusion

In accordance with the foregoing, we **GRANT** Plaintiffs' motion to reconsider and **REINSTATE** Plaintiffs' cause of action against the Municipality of Arecibo.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of February, 2000.

JOSE ANTONIO FUSTE
U. S. District Judge